UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 OCT 30  PM 2: 44

BY_____
DEPUTY CLERK

| | |
|---|---|
| MOOSEHEAD BREWERIES LIMITED, | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HOP'N MOOSE BREWING COMPANY, | ) |
| LLC, | ) |
| Defendant. | ) |
| | ) |

Docket No. 2:17-cv-215

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND
## FALSE DESIGNATION OF ORIGIN

NOW COMES Plaintiff, Moosehead Breweries Limited ("Moosehead"), by and through its counsel, and complains as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Moosehead is a corporation organized under the laws of Canada, having its principal office and place of business at 89 Main Street W.; P.O. Box 3100; Saint John, N.B. Canada E2M 3N2.

2.      Defendant is a Vermont limited liability company with its principal place of business located at 41 Center Street, Rutland, VT, 05701 and, upon information and belief, has one sole member, Dale Patterson, who resides at 12 Foster Place, Rutland, VT 05701 or 1 Sherwood Road, Rutland, VT 05701.

3.      This is an action for trademark infringement and unfair competition under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and for state common law trademark

infringement.  This Court has subject matter jurisdiction over the federal claims in this action
pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367.

4.       This Court has personal jurisdiction over Defendant.

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part
of the events giving rise to Moosehead's claims occurred in this district.

## BACKGROUND FACTS

### Moosehead and Its Use of Moosehead Trademarks

6.       Moosehead brews beer sold and distributed throughout the world under its
MOOSE family of trademarks, which includes the word marks MOOSE and MOOSEHEAD, as
well as the MOOSEHEAD design marks displaying the head and antlers of a moose.
Moosehead's business, among other things, includes the manufacture, sale, and distribution of a
variety of beers and the sale of related consumer products such as drinking glasses, mugs, cups,
clothing, hats, posters, bumper stickers, and decals promoting the MOOSEHEAD name and
MOOSE family of marks in connection with its brand of beers.

7.       Moosehead owns the right, title, and interest in and to several federally registered
trademarks for the MOOSE family of marks, including, but not limited to:

| Mark | Registration No. | Goods and Services |
|------|------------------|--------------------|
| MOOSE | 2,100,821 | brewed alcoholic beverages, namely, beer, ale, stout and lager |
| MOOSE LIGHT | 2,923,818 | Brewed alcoholic beverages, namely, beer and ale |
| THE MOOSE IS LOOSE | 2,716,846 | Brewed alcoholic beverages, namely, beers and ales |
| **MOOSE**  | 1,568,703 | Beer |
| MOOSEHEAD | 1,511,184 | Beer |
| MOOSEHEAD | 1,598,511 | Clothing, namely sweaters, football jerseys, mesh ball caps, winter ball caps, painter hats, aprons, golf shirts, |

| | | |
|---|---|---|
| | | sports shirts, t-shirts, long john shirts, ¾ ball shirts, hockey sweaters, cowboy hats |
| | 1,217,629 | Shirts |
| | 1,597,390 | Clothing, namely sweaters, football jerseys, mesh ball caps, winter ball caps, painter hats, aprons, golf shirts, sports shirts, t-shirts, long john shirts, ¾ ball shirts, hockey sweaters, cowboy hats |
| | 1,527,256 | Beer |
| | 3,253,186 | Brewed alcoholic beverages, namely, beer and ale |
| | 1,514,776 | Beer |
| | 1,198,187 | Beer and lager |
| | 2,223,462 | Beer and ale |

8.     Moosehead has used The MOOSEHEAD mark since at least 1931 in connection with ale, beer, stout, porter, and lager. Moosehead's MOOSE family of marks have been in use since at least the late 1970's in the United States in connection with a variety of beers and also in connection with consumer products and other events including, but not limited to, drinking glasses, mugs, plastic cups, clothing, hats, posters, bumper stickers, windshield stickers made of paper,

3

playing cards, decals, serving trays, and pens. Moosehead's MOOSE family of marks include marks which include the term "MOOSE" and/or the likeness of the head of a moose.

9.      Moosehead's products covered by its MOOSE family of trademarks include a variety of beers. Moosehead's products covered by its MOOSE family of trademarks are sold in bars, brew pubs, restaurants, beverage stores, big box retailers/club stores, and similar establishments. Moosehead's products are sold in kegs, as well as bottles and cans, which can be purchased in six-packs, twelve-packs, and cases.

10.     Moosehead has spent and continues to spend large sums of money in the promotion, advertisement, and sale of its goods bearing its MOOSE family of trademarks. By reason of such advertising and the high quality of its products carrying such trademarks, Moosehead enjoys a valuable goodwill and an enviable reputation with respect to its trademarks and the goods associated therewith.

### Defendant and Its Unauthorized Use of the MOOSEHEAD Family of Trademarks

11.     Defendant is a brewery that sells beer under its name, or with its logo, or with an image of a moose. Defendant also uses promotional materials in connection with its brewery under its name, or with its logo, or with an image of a moose, and Defendant sells other related consumer products with its name, or with its logo, or with an image of a moose, including but not limited to, signs, mugs, containers, and clothing.

12.     Upon information and belief, Defendant has been using "Hop'N Moose Brewing Company, LLC," "Hop'N Moose Brewing Company," or the image of a moose on beer, promotional materials, and related consumer products since as early as March 28, 2014 when it first opened its doors, several decades after Moosehead began using the MOOSEHEAD mark.

4

13.     Defendant's beer is offered through the same channels of trade, substantially the same channels of trade, and/or channels of trade that are related to those through which some or all of Moosehead's products covered by its MOOSE family of trademarks are offered.

14.     Defendant's beer is offered to the same classes of purchasers, substantially the same classes of purchasers, and/or classes of purchasers that are related to those to whom some or all of Moosehead's products covered by its MOOSE family of trademarks are offered.

15.     Defendant's beer is or may be advertised, marketed, and promoted through the same media channels as some or all of the products of Moosehead covered by its MOOSE family of trademarks.

16.     Defendant's logo (shown below) is highly similar to Moosehead's MOOSE family of registered trademarks set forth above, including U.S. Registration Nos. 2,100,821; 1,598,511; 1,511,184; 1,597,390; 2,923,818; 2,716,846; 1,568,703, and 3,253,186 (attached hereto as Exhibit 1).

**Moosehead Marks:**
MOOSE
MOOSE LIGHT
THE MOOSE IS LOOSE
MOOSEHEAD



**Defendant's Logo:**



17.    In addition to using a logo that is highly similar to Moosehead's MOOSE family of registered trademarks, Defendant's beer is sold in bottles that contain labels that are highly similar to the labels used with several of Moosehead's beer products, depicting the head of a moose and/or Defendant's logo.  As shown below, these labels are highly similar to both the labels long-used on Moosehead's beer bottles and other containers, as well as at least the following Moosehead registered trademarks depicting the head of a moose: 1,527,256; 3,253,186; 1,568,703; 1,514,776; 1,198,187; and 2,223,462 (collectively, the "MOOSEHEAD Head of Moose Marks," and attached hereto as Exhibit 2).



18.    In addition to Defendant's logo and beer bottles that are highly similar to Moosehead's MOOSE family of registered trademarks, Defendant also uses other promotional materials and sells other related consumer products (including glasses, mugs, and clothing) all of which depict the head of a moose and/or Defendant's logo, which are also highly similar to Moosehead's MOOSE family of registered trademarks set forth above, including U.S. Registration Nos. 1,598,511; 1,217,629; and 1,597,390 (collectively, the "MOOSEHEAD Other

Consumer Products Marks," attached hereto as Exhibit 3).  Exhibit 1, Exhibit 2, and Exhibit 3 shall collectively be referred to as "Moosehead Registered Marks."

19.     Despite Moosehead's repeated and numerous demands to Defendant to cease using Defendant's logo and/or the image of Moose in connection with Defendant's beer, promotional materials, and related consumer products, Defendant has not stopped using them in commerce.

20.     Defendant's beer products, promotional materials, and other related consumer products are so similar to Moosehead's beer and related products sold under the Moosehead Registered Marks as to create a likelihood of confusion.  Both Moosehead's and Defendant's products are sold in establishments such as bars, brew pubs, restaurants, beverage stores, big box retail stores, and club stores.

21.     As a result of the foregoing, members of the purchasing public familiar with Moosehead's products and Moosehead's MOOSEHEAD trademarks are likely to be confused, misled, or deceived into thinking that the products of Defendant are products of Moosehead or are in some way sponsored by or connected with Moosehead, resulting in irreparable damage and injury to Moosehead.

22.     Moosehead will be injured if Defendant is able to continue selling its beer and other materials and related consumer products with its logo and/or in highly similar packaging to that in which Moosehead's products are sold, and as such separately and together falsely suggest a connection with Moosehead and Moosehead's products bearing the marks in the Moosehead Registered Marks.

7

23.     Moosehead has no control over the nature and quality of Defendant's products and thus will be damaged and irreparably harmed by reason of the loss of control over Moosehead's reputation and the erosion of its goodwill in the Moosehead Registered Marks.

## COUNT I – TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

24.     Moosehead realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25.     Defendant has used in commerce, without Moosehead's consent, reproductions, copies or colorable imitations of Moosehead's registered Moosehead Registered Marks in connection with the sale, offer for sale, distribution and/or advertising of products and other materials and merchandise, such use being likely to cause confusion, to cause mistakes, or to deceive.

26.     The actions of Defendant described in this Count constitute trademark infringement in violation of 15 U.S.C. § 1114.  Defendant's actions have caused and, unless enjoined by this Court, will continue to cause, serious and irreparable injury to Moosehead for which Moosehead has no adequate remedy at law.

27.     The actions of Defendant described in this Count have also caused damage to Moosehead for which Moosehead should be compensated by Defendant.

## COUNT II – FALSE DESIGNATIONS
## OF ORIGIN UNDER 15 U.S.C. § 1125(a)

28.     Moosehead realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

29.     Defendant has, without Moosehead's consent, on or in connection with products, used in commerce a word, term, name, symbol, device, or any combination thereof which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or

association of Defendant with Moosehead and its products bearing the registered Moosehead Registered Marks, and/or as to the origin, sponsorship, and/or approval by Moosehead of Defendant's unauthorized goods.

30.     The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a).  Defendant's acts have caused and, unless enjoined by this Court, will continue to cause, serious and irreparable injury to Moosehead for which Moosehead has no adequate remedy at law.

31.     The acts of Defendant described in this Count have also caused damage to Moosehead for which Moosehead should be compensated by Defendant.

## COUNT III – TRADEMARK DILUTION
## UNDER 15 U.S.C. § 1125(c)

32.     Moosehead realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

33.     Moosehead has extensively and continuously promoted and used the Moosehead Registered Marks both in the United States and throughout the world, and the marks have thereby become famous and well-known symbols of Moosehead's goods and services.

34.     As a result of at least eighty-six (86) years of continuous and substantial use, as well as significant amounts of advertising and sales, Moosehead's Moosehead Registered Marks are famous trademarks within the meaning of § 43(c) of the Lanham Act, and such marks became famous before Defendant's use of logo, marks, and brand.

35.     Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of the Moosehead Registered Marks by eroding the public's exclusive identification of these famous marks with Moosehead, tarnishing and degrading the

positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

36.     Defendant has caused and will continue to cause irreparable injury to Moosehead's goodwill and business reputation, and dilution of the distinctiveness and value of Moosehead's famous and distinctive the Moosehead Registered Marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV – COMMON LAW
## UNFAIR COMPETITION

37.     Moosehead realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein

38.     Defendant has sold, promoted, and offered for sale its products using Moosehead's marks in violation of and with knowledge of Moosehead's prior rights to the marks, and is unfairly trading upon Moosehead's goodwill and reputation, and creating the false impression that Defendant's products are associated in some way with Moosehead.

39.     Defendant's actions complained of herein constitute unfair competition in violation of the common law of the State of Vermont for which Moosehead is entitled to relief.

## COUNT V – COMMON LAW
## TRADEMARK INFRINGEMENT

40.     Moosehead realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

41.     Defendant's use of Moosehead's marks in connection with its products constitutes infringement of Moosehead's Vermont common law trademarks for which Moosehead is entitled to relief.

**WHEREFORE**, Plaintiff Moosehead prays:

a)       that Defendant be found to have infringed Moosehead's rights in the Moosehead Registered Marks and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b)       that Defendant, its officers, directors, employees, agents, affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing the Moosehead Registered Marks and from engaging in false designation of origin in any other manner;

c)       that Defendant, its officers, directors, employees, agents, affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the Moosehead Registered Marks, including Defendant's domain name containing the words "Hop'n Moose";

d)       that Defendant be required to deliver up and/or to destroy any and all products infringing the Moosehead Registered Marks in its possession, as well as all labels, literature, and advertisements bearing the marks, together with any means for producing same;

e)       that Defendant be ordered to provide an accounting of all profits derived from its sales of goods in connection with the acts complained of herein and to pay such profits, or such greater sum as this Court deems just and proper, to Moosehead;

f)       that Defendant be ordered to pay damages to Moosehead adequate to compensate Moosehead for the acts described in this Complaint, or, upon Moosehead's election,

11

statutory damages, that such damages be trebled, and that Defendant be ordered to pay Moosehead its reasonable attorneys' fees; and

        g)     that Moosehead have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Moosehead, Inc. demands a jury trial on all issues so triable.

Dated October 30, 2017

BY:   _____

David M. Pocius
Paul Frank + Collins P.C.
One Church Street
Burlington, VT 05401
(802) 658-2311
dpocius@pfclaw.com

&

Mark A. Watkins
Vorys, Sater, Seymour and Pease LLP
106 South Main Street, Suite 1100
Akron, OH 44308
(330) 208-1000
mawatkins@vorys.com
*(to be admitted pro hac vice)*

*Attorneys for Plaintiff, Moosehead, Inc.*

7159538_2:13012-00001

12